**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREA BEACH, | No.    20-55762 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-01179-WVG |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William V. Gallo, Magistrate Judge, Presiding

Submitted April 8, 2021[**]
Pasadena, California

Before:  W. FLETCHER, WATFORD, and HURWITZ, Circuit Judges.

Andrea Beach appeals a district court judgment upholding the Commissioner

of Social Security's denial of her applications for social security disability insurance

benefits and supplemental security income.  The administrative law judge ("ALJ")

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denied Beach's applications because he found that she had the residual capacity to perform light work. 20 C.F.R. §§ 404.1545, 404.1546(c), 404.1567(b). Like the district court, we review the agency's decision de novo. *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). We cannot upset that decision unless it "was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We affirm.

1. Beach argues that the ALJ erred by not finding her pain disabling. However, the "ALJ cannot be required to believe every allegation of disabling pain." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Rather, an ALJ must determine whether a claimant's testimony is consistent with the record and make findings that "contain specific reasons for the weight given to [Beach's] symptoms," are "consistent with and supported by the evidence," and are "clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *See* SSR 16-3p, 82 Fed. Reg. 49,462, 49,467 (Oct. 25, 2017).

Substantial record evidence supported the ALJ's finding that "the claimant can sustain a greater capacity than she described at the hearing." Daily activities are relevant to assessing a claimant's allegations of symptoms, *see* 20 C.F.R. § 404.1529(c)(3)(i), and the ALJ noted that Beach was remodeling her home,

2

performing household chores, and caring for her sick father and 26 Great Dane puppies. The ALJ did not err in finding these "non-work activities . . . are inconsistent with the degree of impairment [she] alleges." *See Valentine v. Astrue*, 574 F.3d 685, 693 (9th Cir. 2009) (cleaned up); *see also Berry*, 622 F.3d at 1235 (noting that "activities" supported finding "a higher degree of functionality" than that asserted by a claimant).

2. Beach argues that the ALJ erred by failing to find she was impaired as a result of Lyme Disease, fibromyalgia, or chronic fatigue syndrome. A medically determinable impairment ("MDI") must be established "by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1521. "[O]bjective medical evidence from an acceptable medical source" is required; a claimant's statement alone is insufficient. *Id*.

a. Beach provided no "objective medical evidence" or documentation that a medical source had diagnosed her with Lyme disease. Beach's own statements are insufficient to establish an MDI. *See* 20 C.F.R. § 404.1521; *Ukolov v. Barnhart*, 420 F.3d 1002, 1006 (9th Cir. 2005). Nor is a doctor's note that Beach "possibly" had Lyme disease based on her self-report sufficient evidence that she had that condition. *See* 20 C.F.R. § 404.1521.[1]

---

[1]    Beach's reference to a supposed diagnosis by another doctor is simply a self-report about her medical history.

b. To establish fibromyalgia as an MDI, the evidence must satisfy one of two sets of criteria outlined by the American College of Rheumatology. SSR 12-2p, 77 Fed. Reg. 43,640 (July 25, 2012); *Ford v. Saul*, 950 F.3d 1141, 1155 n.7 (9th Cir. 2020). The first set requires the presence of 11 or more fibromyalgia tender points during a physical examination and the second the "manifestations of six or more" enumerated fibromyalgia symptoms, signs, or co-occurring conditions. SSR 12-2p; *Ford*, 950 F.3d at 1155 n.7.

Beach argues only that the ALJ "improperly" focused on the first set. But the ALJ addressed both sets of criteria, and Beach did not establish eligibility under either. There is no evidence that any doctor examined Beach for fibromyalgia using either test. 20 C.F.R. § 404.1521; SSR 12-2p; *see Ford*, 950 F.3d at 1155 n.7.

c. Although Beach claimed at various times that she suffered from fatigue, she also repeatedly denied fatigue, and more importantly, presented no medical diagnosis of chronic fatigue syndrome. Moreover, the ALJ considered Beach's claim of fatigue, but found her extensive daily activities contradicted the claim. *See* 20 C.F.R. § 404.1529(a).

**AFFIRMED**.